PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO RIVERA SANTIAGO, Defendant and Appellant.

No. 5196. Argued January 17, 1934.—Decided February 24, 1934.

*Luis F. Camacho* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a case where the District Court of Guayama rendered judgment against the appellant in a criminal action. The case was originally begun in the Municipal Court of Patillas. The papers for the appeal to the District Court of Guayama were filed in that court on December 22, 1932. The trial took place on March 7, 1933. On the same day and apparently before the trial began, the appellant filed a motion to dismiss because the case was not set within ten days after the filing of the papers in the district court. The appellant relied on the fifth paragraph of section 29 of the Code of Criminal Procedure, as follows:

"The justice of the peace shall, within five days, transmit the record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant. New evidence may be introduced at the trial, and such evidence as may

have been refused or admitted by the justice of the peace may be reproduced. The court shall definitely decide as to the admission of such evidence, and shall consider it and hear the parties to the case, and within two days thereafter shall render final decision, either convicting or acquitting the defendant, ordering the release of the defendant in case of acquittal."

Under that paragraph, we have decided before, and particularly in the case of *People* v. *Acosta,* 40 P.R.R. 451, that the statute is imperative, and in the cited case the defendant was acquitted because the judge did not decide the case within two days, as required by the said section. It is to be noted in that case that the judge had the proceedings in his hands for decision and failed to comply with the statute. Although it is imperative, the question may arise: Is it self-executing? On whom does the duty fall to execute it? Section 29 treats of various matters, and all of them are not to be necessarily considered in the same manner. We have the analogy of the case of *Ledesma* v. *Agrait,* 19 P.R.R. 541, where the question before the court was in what cases an agent could acquire the property of his principal. Such acquisition could not take place under certain conditions by reason of section 1362 of the Civil Code. We held in the course of the opinion that all the prohibitions of the statute were not necessarily to be treated in the same way. This was so because different situations or relations might arise under the various provisions of the section.

Reverting to the facts of the present case, the appellant, when the papers arrived in the District Court of Guayama, took no step to request either the clerk or the judge to set the case for hearing.

Let us consider the duties of the judge. Ordinarily, he is not required to set a case until the matter is drawn to his attention by the clerk.

The clerk of the court might more readily be expected to draw the attention of the judge, but we question whether this duty is imperative unless the appellant takes some step to

ask for a setting. It must be remembered that frequently an appellant is not very anxious that his case should be called for trial. Therefore he will in the majority of cases not move to set it. Perhaps the district attorney might make the motion that the case be set, and of course the court could do it *motu proprio*. Both the People of Puerto Rico and a defendant should have an interest in setting the case, but when all the possibilities are considered, is the failure on the part of any of the persons mentioned to move to set the case the idea that the Legislature had in mind? When one considers the tacit acquiescence of an appellant in the failure to set, we feel bound to hold that the imperative nature of the statute only arises when someone takes action to put it into effect. In many jurisdictions the filing of a demurrer or many other similar motions is not acted upon *sua sponte* by the court, but a hearing has to be requested by one of the parties.

We therefore hold that, under the circumstances, the appellant, by going to trial without making any request for a setting, can not insist upon the imperative nature of the statute and may be held to have waived his right. So far as we have been able to discover, on appeals from justices of the peace courts or municipal courts the general practice in the United States is that one of the parties should cause the case to be set. The question then may arise whether to allow a defendant to go scot-free by reason of the failure of an officer of the court to set his case would be due process of law. We do not think there is any necessity of considering the constitutionality of the statute because the interpretation that we have put upon it would avoid such necessity.

In the discussion of this case doubts arose whether the statute should not universally be applied as imperative. We have therefore examined the statutes to see whether section 29, *supra,* applying to appeals from justices of the peace is also applicable to municipal courts. All the acts governing trials in municipal courts seem to be as follows:

## "AN ACT

### "PROVIDING FOR APPEALS IN CRIMINAL CASES

*"Be it enacted by the Legislative Assembly of Porto Rico:*

"Section 1.—That either party in a criminal action originating in a District Court, may appeal to the Supreme Court in the manner prescribed by Title IX of the Code of Criminal Procedure; and in like manner either party may appeal to the Supreme Court from the final judgment of a District Court, in a criminal case involving a violation of the insular penal laws, and originating in a municipal court; *Provided, however,* That in cases originating in a municipal court, the appeal from the judgment of the District Court must be taken within thirty days from the entry of the judgment.

"Section 2.—An appeal may be taken to the District Court by the defendant only, from the final judgment of a municipal court, in a criminal case, in the manner now provided by law for appeals from the judgment of justices of the peace; *Provided,* That the notice of appeal in such cases shall be given by the defendant, by filing with the secretary of the trial court a written notice of appeal, within five days after the entry of the final judgment, and said written notice of appeal shall be accompanied by a bond, or a money deposit in lieu thereof, in such sum as may be fixed by the trial court, not to exceed five hundred dollars, which bond, or deposit in lieu thereof, shall conform to the law now existing governing bonds on appeal from the justice of the peace courts.

"Section 3.—All laws, orders and decrees, in conflict with this law, are hereby repealed.

"Section 4.—This Act shall take effect from and after July 1st, 1904.

*"Approved May 28, 1904."* (Special Session, p. 11).

## "AN ACT

### "TO PRESCRIBE THE PROCEDURE IN THE TRIAL OF CRIMINAL CASES IN THE MUNICIPAL COURTS

*"Be it enacted by the Legislative Assembly of Porto Rico:*

"Section 1.—That the procedure for the institution and trial of criminal cases in the municipal courts, shall be the same as provided by law for criminal cases in the justice of the peace courts.

"Section 2.—All laws and parts of laws in conflict herewith are hereby repealed.

"Section 3.—This Act shall take effect from and after July 1, 1904.

*"Approved May 28, 1904."* (Special Session p. 12).

Thus, no provision was specifically made in these acts for the disposition of the case after it reached the district court. The jurisdiction of the municipal courts was widely increased. With limited exceptions their jurisdiction was extended to all misdemeanors. Hence appeals were increased. When so many appeals reached the district courts from municipal courts it may have been and probably was the intention of the Legislature that the district courts should handle their own calendars, as is usual in courts of record. The idea may have been different under the limited jurisdiction of the justices of the peace courts.

The second assignment of error, as the *Fiscal* points out, lacks importance. The defendant demurred to the complaint on the ground that it was vague and indefinite inasmuch as from it it could not be determined whether the prosecution was brought under the first or the second section of the slander law, Compilation of 1911, sections 5691 to 5696. It is to be noticed that the demurrer was not for duplicity, and it sufficiently appears from the complaint that there was a charge of having violated each of the sections of the said law. In other words, the defendant charged José G. Morales with being a son of a prostitute and having tried also to commit rape. While, as the *Fiscal* points out, it may be true that the complaint is bad as drawn and that some words contained in one charge more properly belong to the other, yet the words of the complaint were sufficiently clear to advise the defendant of the facts of which he was accused.

The third assignment of error relates to the weighing of the evidence by the court below. The idea of the appellant is that the person against whom the slander was directed was not sufficiently identified, but we have examined the state-

ments of the witnesses for the prosecution and we find that the identification was complete; in other words, that the person injured by the slander was mentioned by name.

The judgment appealed from will be affirmed.

Mr. Justice Hutchison concurs in the result.